✓ FILED ___ LODGED
___ RECEIVED ___ COPY

APR 0 8 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

SEALED

REDACTED FOR PUBLIC DISCLOSURE

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MATTHEW WILLIAMS
Arizona State Bar No. 029059
BRUCE R. VAN BAREN
Illinois State Bar No. 6310375
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: matthew.williams3@usdoj.gov
Email: bruce.van.baren@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

1. Damien Carter, (Counts 1–9)

2. Kaija Wilson, (Counts 1–9)

Defendants.

No. CR-25-00542-PHX-SPL (JZB)

**INDICTMENT**

VIO: 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)
Count 1

18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)
Count 2

18 U.S.C. § 1343
(Wire Fraud)
Count 3

18 U.S.C. § 1957(a)
(Transactional Money Laundering)
Counts 4-9

18 U.S.C. § 2
(Aiding and Abetting)
Counts 4-9

18 U.S.C. § 3147(1)
(Commission of Felony While on Pretrial Release Allegation)

18 U.S.C. §§ 981 and 982,
21 U.S.C. §§ 853 and 881,
and 28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

At all times material to this indictment, with the District of Arizona and elsewhere:

**INTRODUCTION**

1. In early 2023, victim A.D. flew from California to Arizona to meet with Defendants DAMIEN CARTER ("CARTER") and KAIJA WILSON ("WILSON"). A.D. lives in California. CARTER and WILSON live in Arizona. The three had dinner together.

2. CARTER told A.D. that he wanted to partner with A.D. on a new venture in the ground transportation business. At the time, A.D. owned trucks and operated a company in the ground transportation business. CARTER represented to A.D. that he was in the air cargo transportation business and owned one or two airplanes. In fact, CARTER owned no airplanes and had no airman certificate. Nor did any entity affiliated with CARTER, according to database searches conducted by the Federal Aviation Administration (FAA).

3. To start their "new venture," CARTER asked A.D. to send him $250,000. CARTER represented to A.D. that he needed A.D.'s $250,000 to show proof of funds in a bank account so CARTER could obtain a line of credit from a bank for the new business. CARTER promised A.D. that he would not touch the money in the bank account until he obtained a line of credit at which point he would use A.D.'s money for their new venture.

4. A.D. told CARTER he banked at Chase. CARTER told A.D. that WILSON had a long-standing account at Chase, and it would be easier for A.D. to send the $250,000 to her account rather than CARTER's account at a different bank. But WILSON did not have such an account at Chase and instead opened one on or about May 5, 2023.

5. On or about May 11, 2023, based on CARTER's representations, A.D. wired $250,000 from his bank in California to WILSON's newly opened account in Arizona. The balance in WILSON's bank account—opened just six days prior—was about $100.

6. The next day, WILSON withdrew about $102,215.30 in the form of two cashier's checks payable to B.L.—an auto dealership in Arizona, and she and CARTER each bought a vehicle with those funds. Over the next two months, WILSON withdrew, and she and CARTER spent, almost all the rest of A.D.'s money. The balance of

WILSON's account as of August 3, 2023, was about $275.13. And CARTER never used A.D.'s money to obtain a line of credit from a bank for their new venture as promised.

7. Over the last two years, A.D. has continuously asked for the money back. CARTER has said he would pay A.D. back the $250,000, but he has not done so.

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

8. The above factual allegations are realleged and incorporated by reference.

9. Beginning in or about April 2023 and continuing through on or about April 8, 2025, in the District of Arizona and elsewhere, CARTER and WILSON, did knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts, and for the purpose of executing the scheme described above, to cause to be transmitted by means of wire communication in interstate commerce certain writings, pictures, signals, and sounds as further described below, in violation of Title 18 United States Code, Section 1343.

**OBJECT OF CONSPIRACY AND SCHEME TO DEFRAUD**

10. The object of the conspiracy and scheme to defraud, as devised and executed by CARTER and WILSON, was to obtain money from A.D. and use it for their own personal expenses unrelated to obtaining a line of credit for a new business venture.

**MANNER AND MEANS OF CONSPIRACY AND SCHEME TO DEFRAUD**

11. The manner and means used by CARTER and WILSON to achieve the object of the conspiracy and the scheme to defraud included the following:

a. To induce A.D. to send him and WILSON the money, CARTER promised A.D. that he would use the money as proof of funds in a bank account to obtain a line of credit from a bank for their new business venture;

//

//

b. To induce A.D. to send him and WILSON the money, CARTER promised A.D. that he would not touch the money in the bank account until he obtained a line of credit from a bank for their new business venture;

c. To receive the money from A.D. so she and CARTER could spend it, WILSON opened a new bank account with Chase in her name; and

d. To conceal from A.D. that CARTER and WILSON would use the money to enrich themselves and not to obtain a line of credit for the new business.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

12. The above factual allegations are realleged and incorporated by reference.

13. Beginning in or about April 2023 and continuing through on or about April 8, 2025, in the District of Arizona and elsewhere, CARTER and WILSON, did knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1957(a), to wit: knowingly engaging and attempting to engage in monetary transactions, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value of greater than $10,000, that constituted, or was derived from, proceeds of a specified unlawful activity, that is the offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

14. The object of the conspiracy and the manner and means used by CARTER and WILSON to achieve the object of the conspiracy and the scheme to defraud include those described in Counts 1 and 4–9 of this Indictment, among others.

All in violation of Title 18, United States Code, Section 1956(h).

//

//

//

//

**COUNT 3**
**Wire Fraud**
**(18 U.S.C. § 1343)**

15. The above factual allegations are realleged and incorporated by reference.

16. Beginning in or about April 2023 and continuing through on or about April 8, 2025, in the District of Arizona and elsewhere, CARTER and WILSON, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts.

17. On or about the date in the below chart, CARTER and WILSON, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce certain writings, pictures, signals, and sounds:

| Count | Date | Wire Type | Sender (Location) | Recipient (Location) | Amount |
|---|---|---|---|---|---|
| 3 | 05/11/2023 | Book Transfer | A.D. (California) | Kaija Wilson (Arizona) | $250,000 |

All in violation of Title 18, United States Code, Section 1343.

**COUNTS 4–9**
**Transactional Money Laundering and Aiding and Abetting**
**(18 U.S.C. § 1957(a) and 18 U.S.C. § 2)**

18. The above factual allegations are realleged and incorporated by reference.

19. On or about each of the dates in the below chart, in the District of Arizona and elsewhere, CARTER and WILSON, aiding and abetting each other, knowingly engaged and attempted to engage in monetary transactions, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value of greater than $10,000 that constituted, or was derived from, proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, with each monetary transaction constituting a separate count.

| Count | Date | Description | Amount |
|---|---|---|---|
| 4 | 05/11/2023 | Withdrawal from Chase Bank account ending in x9935 in the form of a cashier's check payable to R.C. (Memo: 813049) | $12,832.00 |

| | | | |
|---|---|---|---|
| 5 | 05/12/2023 | Withdrawal from Chase Bank account ending in x9935 in the form of a cashier's check payable to B.L. (Memo: CE58220) | $22,000.00 |
| 6 | 05/12/2023 | Withdrawal from Chase Bank account ending in x9935 in the form of a cashier's check payable to B.L. (Memo: BB58607) | $80,215.30 |
| 7 | 06/06/2023 | Withdrawal from Chase Bank account ending in x9935 in the form of a personal check payable to R.R. (Memo: credit repair) | $11,000.00 |
| 8 | 06/08/2023 | Cash withdrawal from Chase Bank account ending in x9935 | $20,000.00 |
| 9 | 06/15/2023 | Cash withdrawal from Chase Bank account ending in x9935 | $50,000.00 |

All in violation of Title 18, United States Code, Section 1957(a), and Title 18, United States Code, Section 2.

**COMMISSION OF FELONY WHILE ON PRETRIAL RELEASE ALLEGATION**

20. The above factual allegations are realleged and incorporated by reference.

21. At the time of the felony offenses alleged in Counts 1 through 9 of this Indictment, CARTER was on court-ordered pretrial release pursuant to Title 18, United States Code, Chapter 207, in the federal criminal case of *United States v. Carter*, CR-21-01021-ROS (D. Ariz.), in violation of Title 18, United States Code, Section 3147(1).

**FORFEITURE ALLEGATION**

22. The above allegations are realleged and incorporated by reference herein.

23. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c) and upon conviction of one or more of the offenses alleged in Counts 1 through 9 of this Indictment, the defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained

as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s).

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

S/
FOREPERSON OF THE GRAND JURY
Date: April 8, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

S/
MATTHEW WILLIAMS
BRUCE R. VAN BAREN
Assistant U.S. Attorneys